24CA0567 Peo in Interest of BTR-S 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0567
Arapahoe County District Court No. 22JV348
Honorable Victoria Klingensmith, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of B.T.R-S., a Child,

and Concerning S.T.S.,

Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

---

Ron Carl, County Attorney, Erinn Walz, Assistant County Attorney, Aurora, Colorado, for Appellee

Brittany Radic, Guardian Ad Litem

Elizabeth A. McClintock, Office of Respondent Parents' Counsel, Colorado Springs, Colorado, for Appellant

¶ 1    S.S. (father) appeals the judgment allocating parental responsibilities for seven-year-old B.T.R-S. (the child) to J.R. (mother).  We affirm.

## I.    Background

¶ 2    In May 2022, the Arapahoe County Department of Human Services received a report of a domestic violence incident between father and his girlfriend in the child's presence.  The Department opened a voluntary case.  Following additional reports of domestic violence involving father, the Arapahoe County Attorney's Office filed a petition in dependency and neglect in the name of the People of the State of Colorado.  In the petition, the County noted that, during a home visit, the child expressed fear of father's behavior, said he did not want to live in father's home, and said that father's and his girlfriend's consumption of alcohol led to domestic violence between them.

¶ 3    The juvenile court granted mother temporary legal custody of the child, while the Department maintained protective supervision.

¶ 4    Father made a no-fault admission, and the juvenile court adjudicated the child dependent and neglected.  The juvenile court then adopted a treatment plan for father that required him, as

relevant here, to (1) cooperate with the Department and treatment providers; (2) address his substance abuse issues; (3) participate in family time with the child; (4) maintain a safe and stable home; (5) earn income that "will be legal and adequate to meet his needs and the needs of the child"; (6) provide protective parenting; and (7) participate in a domestic violence evaluation and treatment.

¶ 5 In September 2023, mother moved for an allocation of parental responsibilities (APR). The juvenile court held an evidentiary hearing on mother's motion over two days in February and March 2024. Following the presentation of evidence, father asked the court to deny mother's motion and to continue the case because the Department had failed to make reasonable efforts to reunify him with the child.

¶ 6 The court rejected father's argument and entered an APR giving mother primary residential custody and sole decision-making authority. The court awarded father supervised parenting time at least once each week.

## II. Discussion

¶ 7 Father asserts that the Department failed to make reasonable efforts to reunify him with the child by not providing him with

domestic violence treatment services. But as explained below, the juvenile court did not need to find that the Department made reasonable efforts because the child was never placed out of the home. We therefore reject father's assertion. (Although the County and the guardian ad litem do not ask us to affirm the judgment for this reason, we may affirm the court's judgment on any basis supported by the record. *See Laleh v. Johnson*, 2017 CO 93, ¶ 24, 403 P.3d 207, 212.)

¶ 8     Typically, the issue of whether a department of social services made reasonable efforts in a dependency and neglect case relates to a parent's fitness in the context of a hearing on a motion for termination of parental rights under section 19-3-604(1)(c), C.R.S. 2024. But that statute does not apply to an APR, and a juvenile court is not required to make a finding of parental unfitness when awarding permanent legal custody, such as through an APR. *See L.A.G. v. People in Interest of A.A.G.*, 912 P.2d 1385, 1391-92 (Colo. 1996); *People in Interest of C.M.*, 116 P.3d 1278, 1282 (Colo. App. 2005).

¶ 9     Nevertheless, divisions of this court have recognized that a department must make reasonable efforts before a court may enter

an APR to a nonparent. *See People in Interest of A.S.L.*, 2022 COA 146, ¶ 20, 527 P.3d 404, 409; *People in Interest of E.C.*, 259 P.3d 1272, 1276 (Colo. App. 2010). Among other statutory provisions, the divisions in these cases relied on section 19-3-100.5, C.R.S. 2024, which provides that a department must make reasonable efforts "to prevent the placement of abused and neglected children out of the home and to reunify the family whenever appropriate." *See A.S.L.*, ¶ 20, 527 P.3d at 409; *E.C.*, 259 P.3d at 1276. Reasonable efforts "means the exercise of diligence and care . . . for children and youth who are in foster care or out-of-home placement or are at imminent risk of foster care or out-of-home placement." § 19-1-103(114), C.R.S. 2024.

¶ 10    The record shows that the child remained in mother's custody throughout this case, and the juvenile court entered an APR between the parents. Thus, the child was never placed out of the home and the APR did not involve a nonparent. *See* § 19-1-103(107) ("Placement out of the home" involves placement in a home or facility operated or licensed by the Department of Human Services.); *cf. A.S.L.*, ¶ 20, 527 P.3d at 409 ("[T]he Department has a statutory obligation to provide reasonable efforts to reunify the

family and avoid out-of-home placement of the child . . . even when the juvenile court, in lieu of terminating a parent's rights, enters an APR *to a nonparent.*") (emphasis added). Therefore, the juvenile court did not need to find that the Department made reasonable efforts before entering an APR to mother.

¶ 11 Father acknowledges that *A.S.L.* only applies to an APR to a nonparent. However, he does not provide us with any authority — and we are not aware of any — requiring a showing that the department made reasonable efforts in a case involving an APR to a parent. We therefore reject his assertion.

## III. Disposition

¶ 12 The judgment is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.